JAMES W. TUFTS, Appellant, v. L. C. SAMS & SON, Respondents.

Kansas City Court of Appeals, January 18, 1892.

Contracts : PERFORMANCE : MEETING OF MINDS. Defendants ordered a soda water machine to be shipped by a certain date. Plaintiff promised to furnish according to the order, but did not ship it until fifty-five days after the required time. Defendants refused to receive it, but wrote proposing to take at a given sum payable in three years, one-third at the end of each season. Plaintiff answered offering to let them have it at such price provided they would give three notes with six-per-cent. interest. Defendants

wired they would accept if plaintiff paid the freight. Plaintiff replied he had accepted the former offer. Defendants declined to accept the machine. Plaintiff brought this suit. *Held: First.* Plaintiff did not comply with the first order and could not recover on that. *Second.* As to the alleged new arrangement, the parties did not concur in the term of a contract, and hence no contract was ever made.

*Appeal from the Henry Circuit Court.*—Hon. D. A. DeArmond, Judge.

Affirmed.

*A. Haynie*, for appellant.

(1) That defendants, by written order, bought of plaintiff the apparatus, to be received and paid for by them in a certain agreed way. (2) That the goods were delivered to the transportation company in Boston, consigned to defendants in Clinton, Missouri. (3) That they refused to receive them until the terms of payment were modified. (4) That, upon the written proposition of defendants, accepted by plaintiff, the terms of payment were modified. (5) That the only change in the original order and contract was in the terms of payment. (6) That after the terms of payment were so modified, at the instance of defendants, they refused to receive and pay for the goods until a further modification or change was made, viz., the payment of the freight on said goods, which the plaintiff refused to do.

*B. G. Boone*, for respondents.

(1) The original order of respondents of February 4, 1889, was not accepted by appellant. And if it was accepted plaintiff failed to show a compliance on his part. The order required that the apparatus should be shipped April 1, 1889. Plaintiff's evidence shows it was not shipped for nearly sixty days after that date. (2) The second proposal by respondents was not accepted by appellant according to the terms in which it was made, and it was, therefore, a rejection by appellant.

There can be no contract unless the parties each have the same understanding as to the terms thereof. *Mfg. Co. v. Broderick*, 12 Mo. App. 378; *Cangas v. Mfg. Co.*, 37 Mo. App. 297–307; *Eads v. City of Carondelet*, 42 Mo. 113; *Brunner v. Wheaton*, 46 Mo. 363. (3) It is clearly evident, from an examination of the correspondence in this case, that no contract was completed or consummated between these parties. (4) The proposal of respondents by telegram, of June 17, that if plaintiff would pay freight respondents would receive the apparatus, was positively declined by appellant. There is no evidence whatever of a sale and delivery of the apparatus so as to entitle the appellant to recover on the third count in the petition.

GILL, J.—The plaintiff, at the dates hereinafter named, was a manufacturer of a certain soda water apparatus at Boston, Massachusetts. On February 4, 1889, defendants at Clinton, Missouri, addressed an order to plaintiff at Boston for one of said machines, requiring same to be shipped not later than April 1, thereafter. On the next day,. February · 5, however, defendants wrote to plaintiff canceling the previous order. It does not appear from the evidence when plaintiff received defendants' last communication, but in the testimony there appears a letter from Tufts addressed to defendants, of date February 8, acknowledging receipt of the first order with promise to furnish the apparatus in accordance with the order. The machine was shipped at Boston, May 25, fifty-five days after the time named in defendants' order, or proposition; therefore, when the apparatus arrived at Clinton, defendants refusel to receive it, and on June 10, wrote to plaintiff, claiming a countermand of the order as well as plaintiff's failure to ship the machine at the time stipulated, but offered to take the apparatus at the price named in the first order (to-wit, $425) if given three years to pay therefor or $140 at the end of each season

Tufts v. Sams & Son.

until paid for. Thereupon plaintiff, by letter of June 13, offered to let defendants have the machine at said price provided defendants would give their three notes, bearing six-per-cent. interest, one for $140 due October 1, 1889, one for $140 due October 1, 1890, and one for $145 due October 1, 1891. Defendants then telegraphed Tufts that if he would pay the freight they would accept these terms, and to this plaintiff replied that he had accepted defendants' offer of June 10, and would hold them to the terms thereof. Defendants declined to accept the apparatus or pay anything thereon, whereupon this suit was brought. The cause was tried before the court without the aid of a jury, and upon the facts as above, which were shown by the plaintiff's evidence (defendants introducing no testimony) there was a finding and judgment for defendants, from which plaintiff now prosecutes this appeal.

It is clear, on a review of the foregoing facts, that we must affirm this judgment. It is proper to say, that not only was the trial judge *justified* in finding for defendants, but this testimony would scarcely authorize any other judgment than that rendered. Waiving defendants' countermand of the order for the machine (which said countermand was made February 5), and admitting plaintiff to have accepted the first order before such revocation, yet manifestly plaintiff had not complied with the terms of said alleged contract; and, as he had not complied on his part, then clearly he cannot call on the other party to respond in damages, or to pay the money called for in said agreement.

As to the alleged new agreement, based on the letters of June 10 and June 13, it is sufficient to say that by these letters no agreement was arrived at. The parties did not concur in the terms of a contract, and, hence, no new contract was ever made. Propositions were submitted by both parties, but no agreement as to terms was ever in fact reached.

Upon the evidence the judgment was for the right party, and is affirmed. All concur.